IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | | |
|---|---|---|
| LATASHA BLAKE, on behalf of herself and all others similarly situated <br> Plaintiff | ) ) ) ) | |
| v. | ) ) | |
| FINANCIAL MANAGEMENT SYSTEMS INC. | ) ) ) | |
| Defendant. | ) | JURY DEMAND |

**COMPLAINT – CLASS ACTION**

**INTRODUCTION**

1. Plaintiff seeks redress in this action for of Financial Management Systems, Inc.'s (hereinafter referred to as "FMS" or "Defendant") for defendant's practice of making unauthorized phone calls to cellular telephones under the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq*. ("TCPA") and its practices under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"). The TCPA prohibits unsolicited voice calls to cellular telephones without prior express consent within the meaning of the TCPA. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 28 U.S.C. §1331 (general federal question), §1337, 15 U.S.C. § 1692k(d) (FDCPA), and 47 U.S.C. §227 (TCPA). Venue in this District is proper because defendant transacts business here.

**PARTIES**

3. Plaintiff Latasha Blake is a resident and resides in Houston, Texas.

4. FMS is an Illinois corporation that maintains its headquarters at 1000 E. Woodfield Rd, Suite 102, Schaumburg, IL 60173. FMS provides collection efforts for original creditors and primary and secondary placements. FMS also boasts its use of electronic systems in auto-dialing clients and locating client information through advanced skip-tracing tactics. Based upon a review of FMS offices and total collections base, the Plaintiff avers that the company is responsible for managing over $100 million a year in receivable accounts.

5. Defendant regularly uses the mail and telephone to attempt to collect consumer debt and is a debt collector under the FDCPA.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA), 47 U.S.C. § 227

6. In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA), in response to a growing number of consumer complaints regarding certain telemarketing practices.

7. The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers." Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

8. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

9. On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party. The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."

## FACTS

10. At all times relevant, Plaintiff was an individual residing in the State of Texas. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(10).

11. At the time Latasha Blake opened her credit card account, now owned by FMS, she did not have her current cellular phone number. After the account was closed and subsequently sold, she never gave his cell phone number to any entity that either acquired or attempted to collect on this account.

12. Plaintiff did not list her cellular phone number in or on any other documents at anytime during the transaction that resulted in the debt owed, nor did she verbally provide her phone number to or consent to any calls on her cellular phone by FMS.

13. FMS is, and at all times mentioned herein was, a corporation and a "person", as defined by 47 U.S.C. § 153(10).

14. Notwithstanding the fact Plaintiff did not provide FMS with her cellular number, FMS repeatedly contacted Plaintiff on Plaintiff's cellular telephone. Plaintiff received numerous calls on her cellular phone for a period of months.

15. All telephone contact by FMS to Plaintiff on her cellular telephone occurred via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and all calls that are the subject of this Complaint occurred within four years of the filing of this Complaint.

16. The telephone calls placed by FMS to Plaintiff's cellular telephone via the automatic telephone dialing system used "an artificial or prerecorded voice" as described in 47 U.S.C. § 227(b)(1)(A).

17. The telephone number that FMS used to contact Plaintiff, with a "prerecorded voice" made by an "automatic telephone dialing system," was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

18. The complained of telephone calls constituted calls not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

19. "During the transaction that resulted in the debt owed," Plaintiff did not provide her wireless number to FMS nor otherwise provide express consent to receive prerecorded calls by FMS on Plaintiff's cellular telephone.

20. Plaintiff did not own her current cellular telephone at the time she incurred this debt. She therefore could not have given FMS or any other company express consent at that time to contact her on that cellular phone via an automatic telephone dialing system.

21. Plaintiff did not provide "express consent" allowing FMS to place telephone calls to Plaintiff's cellular phone utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system," within the meaning of 47 U.S.C. § 227(b)(1)(A).

22. FMS did not make telephone calls to Plaintiff's cellular phone "for emergency purposes" utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system," as described in 47 U.S.C. § 227(b)(1)(A).

23. FMS'S telephone calls to Plaintiff's cellular phone utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system" for non-emergency purposes and in the absence of Plaintiff's prior express consent violated 47 U.S.C. § 227(b)(1)(A).

24. Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on FMS to demonstrate that Plaintiff provided express consent within the meaning of the statute, because it is the best entity to determine how numbers were attained.

### COUNT I - TCPA (CELLULAR CALLS)

25. Plaintiff incorporates the above factual allegations herein.

26. Defendant made unsolicited commercial phone calls to the wireless telephone number of plaintiff and the other members of the class using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

27. These phone calls were made without the prior express consent of plaintiff or the class.

28. Defendant has therefore violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), which makes it unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . ." As a result of defendant's illegal conduct, the members of the class suffered actual damages and, under section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500.00 in damages for each such violation of the TCPA.

29. Because defendant's misconduct was willful and knowing, the Court should pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by the plaintiff and the class.

30. Plaintiff and Class members are also entitled to and do seek injunctive relief prohibiting FMS's violation of the TCPA in the future.

## CLASS ALLEGATIONS

31. Plaintiff proposes the following TCPA definition, subject to amendment as appropriate

> All persons within the United States who, on or after four years prior to the filing of this action and 20 days following the filing of this action, received a non-emergency telephone call from FMS to a cellular telephone through the use of an automatic telephone dialing system or an artificial or prerecorded voice and who did not provide prior express consent for such calls during the transaction that resulted in the debt owed. Collectively, all these persons will be referred to as "Plaintiffs" or "Class members." Plaintiff represents, and is a member of, the Class. Excluded from the Class are FMS and any entities in which FMS has a controlling interest, FMS's agents and employees, the Judge to whom this action is assigned and any member of the Judge's staff and immediate family, and claims for personal injury, wrongful death and/or emotional distress.

32. The class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the class. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim. The disposition of the claims in a class action will provide substantial benefit the parties and the Court in avoiding a multiplicity of identical suits. The Class can be identified easily through records maintained by FMS.

33. There are questions of law and fact common to the members of the classes, which common questions predominate over any questions that affect only individual class members.

Those common questions of law and fact include, but are not limited to, the following:

    a. Whether, beginning on December 27, 2006, FMS made nonemergency calls to Plaintiff and Class members' cellular telephones using an automatic telephone dialing system or an artificial or prerecorded voice;

    b. Whether FMS can meet its burden of showing it obtained prior express consent (i.e., consent that is clearly and unmistakably stated), during the transaction that resulted in the debt owed, to make such calls;

    c. Whether FMS's conduct was knowing and/or willful;

    d. Whether FMS is liable for damages, and the amount of such damages; and

    e. Whether FMS should be enjoined from engaging in such conduct in the future.

34. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

35. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes including TCPA class actions.

36. A class action is superior to other alternative methods of adjudicating this dispute. Class wide relief is essential to compel FMS to comply with the TCPA. The interest of Class members in individually controlling the prosecution of separate claims against FMS is small because the statutory damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the Class members, by definition, did not provide the prior express consent required under the statute to authorize calls to their cellular telephones.

37. FMS has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class as a whole appropriate. Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class members and against defendant for:

A. As a result of FMS's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member $500.00 in statutory damages for each and every call that violated the TCPA;

B. As a result of FMS's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

C. Injunctive relief prohibiting such violations of the TCPA by FMS in the future;

D. An award of attorneys' fees and costs to counsel for Plaintiff and the Class;

E. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class and any Subclasses the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers

and law firms representing Plaintiff as counsel for the Class;

   F. Such other relief as the Court deems just and proper.

## COUNT II - FDCPA

   38. Plaintiff incorporates the above factual allegations herein.

   39. Defendant's practice of placing calls to Plaintiff's cellular phone utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system" for non-emergency purposes and in the absence of Plaintiff's prior express consent was harassing and annoying. Because plaintiff kept her cellular telephone on or around her person everyday, she was unable to avoid defendant's calls.

   40. Defendant violated the FDCPA, 15 U.S.C. § 1692d, by attempting to harass and annoy plaintiff by the calls to her cellular telephone.

## CLASS ALLEGATIONS

   41. Plaintiff brings this claims on behalf of a class.

   42. The FDCPA class consists of all natural persons in the state of Illinois to whom defendant called their cellular phone utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system" for non-emergency purposes and in the absence of prior express consent on or after a date one year prior to the filing of this action (15 U.S.C. 1962) and on or before a date 20 days following the filing of this action.

   43. The class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the class.

44. There are questions of law and fact common to the members of the classes, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether defendant's actions violate the FDCPA.

45. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

46. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse class actions.

47. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class members and against defendant for:

    a. Statutory damages;

    b. Attorney's fees, litigation expenses and costs of suit;

    c. Such other or further relief as the Court deems appropriate.

Respectfully submitted,

Latasha Blake, Plaintiff

/s/ Keith J. Keogh

By Her attorney

Keith J. Keogh
Ainat Margalit
Keogh Law, Ltd.
101 North Wacker Drive, Suite 605
Chicago, Illinois   60606
312.726.1092 (office)
312.726.1093 (fax)
Keith@KeoghLaw.com

David Schafer (Pro Hav Vice to be filed)
Brian J. Trenz (Pro Hav Vice to be filed)
The Law Offices of David Schafer, PLLC
7800 IH-10 West, Suite 830
San Antonio, TX 78230
(210) 348-0500
www.helpingtexas.com

## JURY DEMAND

Plaintiff demands trial by jury.

/s/ Keith J. Keogh