# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Jeffrey T. Gilbert | **Sitting Judge if Other than Assigned Judge** | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 612 | **DATE** | 9/19/2011 |
| **CASE TITLE** | Blake vs. Financial Management Systems, Inc | | |

**DOCKET ENTRY TEXT**

Defendant's motion to stay further class discovery [37] is granted for the reasons explained in the accompanying statement. Plaintiff's motion to compel [30] is denied without prejudice to Plaintiff raising the issues discussed in that motion after the District Judge rules on Defendant's pending motion for summary judgment [47]. The Court can deal with any class discovery issues that still are in dispute between the parties in the proper context after a ruling on Defendant's motion for summary judgment. See statement for further details.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

    Defendant FMS Investment Corporation d/b/a Financial Management Systems ("Defendant") has moved to stay further class discovery pending a decision on its motion for summary judgment. Plaintiff Latasha Blake's ("Plaintiff's") opposition to Defendant's motion to stay was based in large part on the fact that Defendant sought a stay before it filed its motion for summary judgment and before it took the deposition of a third-party who purportedly would provide evidence for Defendant's motion for summary judgment. Defendant only filed its motion to stay, however, after Plaintiff filed her motion to compel Defendant to produce voluminous information in response to Plaintiff's discovery requests. Defendant argued, among other things, that it might not have to respond to Plaintiff's discovery once the Court decided Defendant's then-imminent motion for summary judgment, or that the scope of any discovery response might be affected by the Court's ruling on that motion. In any event, Defendant's motion for summary judgment is now on file and it is being briefed by the parties.

    In its motion for summary judgment, Defendant says the Court should dismiss (effectively enter judgment on) Plaintiff's claims under the Telephone Communication Privacy Act and the Fair Debt Collection Practices Act because she gave her cell phone number to Kaplan University, the creditor in whose shoes Defendant now stands, and thereby consented to Defendant calling her to collect the debt Plaintiff owes to Kaplan. Defendant argues that if Plaintiff consented to receiving calls on her cell phone, then her claims under the TCPA and the FDCPA fail as a matter of law and she is not a proper class representative. Defendant contends that class discovery should be stayed until we know whether Plaintiff's claims have merit. Plaintiff says that it should be allowed to continue class discovery and pursue a motion for class certification while Defendant's motion for summary judgment is pending because class certification should be decided "as soon as practicable" in the course of a case, Defendant's summary judgment motion is not likely to be granted, and delay in Defendant's production of information Plaintiff has requested about the purported class unduly prejudices Plaintiff and the proposed class.

# STATEMENT

Under the circumstances of this case, the Court agrees with Defendant that further class discovery should be stayed until the Court decides Defendant's pending motion for summary judgment. Plaintiff has requested a tremendous amount of information from Defendant designed to identify purported class members and to drill down on Defendant's contention that not only the named Plaintiff but many other proposed class members consented to receiving calls on their cell phones by giving their telephone numbers to Defendant's ceding creditors. It would be expensive and burdensome for Defendant to produce all of that information. Allowing Defendant to delay doing so until the Court rules on Defendant's focused and tailored motion for summary judgment on the issue of Plaintiff's supposed consent to receive collection calls on her cell phone will not materially prejudice Plaintiff and will, on the other hand, potentially benefit the efficient and economical management of this purported class action in the future.

Rule 23(c)(1)(A) of the Federal Rules of Civil Procedure now provides that the decision whether to certify a class must be made "[a]t an early practicable time" rather than (as Plaintiff contends) "as soon as practicable." The comments to the Rule, amended in 2003, explain that the change in wording was made to reflect prevailing practice and capture the many valid reasons that may justify deferring the class certification decision. One of those reasons is present here, when Defendant claims to have uncovered information in early discovery of the named class plaintiff that may disqualify her as a proper class representative. Allowing this issue to be decided now, still early in the progress of the case, will permit the Court to make a decision on class certification "at an early practicable time" and will allow the Court and the parties to do so with valuable information concerning Plaintiff's ability to lead the class whatever the decision on Defendant's motion for summary judgment.

Plaintiff's competing motion to compel asks the Court to order Defendant to produce a tremendous volume of information designed to identify potential class members and allow Plaintiff to parse Defendant's affirmative defense that Plaintiff and other purported class members gave their telephone numbers to Defendant's ceding creditors. According to an un-rebutted affidavit submitted by Defendant's chief operating officer, Defendant would have to search tens of millions of records, electronically and some manually, and expend hundreds of person-hours to assemble the information sought by Plaintiff because Defendant does not maintain all of that information in the ordinary course of its business in the form requested by Plaintiff. Some of the information relevant to the issue of consent also would have to be obtained from Defendant's customers, the creditors that asked Defendant to collect the debts allegedly incurred by the proposed class members, either voluntarily or in response to subpoenas issued by Plaintiff or Defendant.

It may be that Defendant will have to produce much or all of this information eventually should this case proceed. But requiring Defendant to do so now when the Court has under advisement Defendant's motion for summary judgment focused on whether Plaintiff has a claim against Defendant as a matter of law may result in a lot of wasted time, effort and money.

It is important to note that Defendant's motion for summary judgment would not, as the saying goes, choke a horse. It is relatively straightforward. Defendant's statement of uncontested facts is two-pages long and contains six singular facts. Its brief in support of its motion is ten-pages long. It is unlikely that a stay of further class discovery while the District Judge considers this motion will unduly delay this case or unduly prejudice Plaintiff. A decision on the threshold issue raised in Defendant's motion for summary judgment also may assist the parties and the Court in considering the issue of class certification and in focusing relevant discovery if this case proceeds past the summary judgment motion.

There is no hard and fast rule as to what constitutes an early practicable time to decide whether a class

| STATEMENT |
|---|

should be certified. The 2003 amendment to Rule 23 seems to recognize that timing will vary based on the circumstances of individual cases, and the class certification decision may not always be the first substantive decision made in a case filed as a class action. In some cases, a defendant's motion for summary judgment should not delay class discovery needed to provide a basis for an early decision on class certification. In others, Rule 23 seems to acknowledge that it would be prudent to decide a merits-based motion before turning to the issue of class certification. A court also should consider whether a defendant is only trying to delay the inevitable by filing a motion or motions that delay class discovery and an early class certification decision, which is not the case here. In this case, upon consideration of all the relevant factors, it seems to me that the prudent course is to stay further class discovery until the District Judge has had an opportunity to rule on Defendant's pending summary judgment motion.

Finally, Plaintiff argues that a court never should stay class discovery when, as here, Plaintiff filed her motion for class certification before Defendant filed its dispositive summary judgment motion. But this is not a race or triathalon where winners and losers are judged against a stop watch. And, even if timing were relevant, the Court notes that, in this case, Plaintiff filed her motion for class certification even before Defendant had appeared. The District Judge promptly struck the motion as untimely and premature, saying it could be re-filed after an executed return of service on Defendant was filed [14]. The motion has not yet been re-filed and is not technically pending. Even if it had been re-filed and was now pending, however, that would not change the result for the reasons discussed herein.

For all of these reasons, the motion to stay [37] is granted and the motion to compel [30] is denied without prejudice. It is so ordered.